## In re: AFTERMARKET AUTOMOTIVE SHEET METAL PARTS ANTITRUST LITIGATION.

**Vehimax International, LLC v. Jui Li Enterprise Co., Ltd., et al., C.D. California, C.A. No. 2:09–6437**

**Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Co., Ltd., et al., E.D. Wisconsin, C.A. No. 2:09–852.**

### MDL No. 2113.

United States Judicial Panel on Multidistrict Litigation.

Dec. 3, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in the Central District of California action moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California or, in the alternative, the Eastern District of Wisconsin. The plaintiff's motion encompasses two actions pending, respectively, in the Central District of California and the Eastern District of Wisconsin.

Defendants Gordon Auto Body Parts USA Corp. and Gordon Auto Body Parts Co., Ltd., support the motion for centrali-

zation in the Central District of California, but oppose centralization in the Eastern District of Wisconsin. Defendant Auto Parts Industrial, Ltd., supports centralization in the Eastern District of Wisconsin. No other party responded to the motion; however, at oral argument, moving plaintiff represented that plaintiff in the Eastern District of Wisconsin also agreed with centralization.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. In this docket encompassing only two actions, with two plaintiffs and six defendants, the proponents of centralization have failed to convince us that any common questions of fact between these actions justify Section 1407 transfer at this time. Instead, counsel in both actions can avail themselves of alternatives to transfer. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004). Given the limited number of districts and parties involved in this litigation, cooperation among the counsel can minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings.

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.